CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 SEP 24  PM 1:58

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| BEEF SOURCE INTERNATIONAL, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| CERTAIN UNDERWRITERS AT LLOYD'S | § | |
| LONDON SUBSCRIBING TO CERTIFICATE | § | 2:14-CV-104-J |
| NO. BO723144A11-008, and COMPANIA | § | |
| SUD AMERICANA DE VAPORES, S.A., | § | |
| | § | |
| DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT BRIT PLC's MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Before the Court is Defendant Brit PLC's Rule 12(b)(6) motion to dismiss to dismiss Plaintiff Beef Source International, LLC's claims or, in the alternative, for summary judgment on those claims, Plaintiff's response thereto, and the Defendant's reply. For the following reasons the Defendant's motion to dismiss is granted in part and denied in part.

Defendant Brit PLC is a Lloyd's of London underwriter which subscribed to 100% of a marine insurance contract covering multiple shipments of chilled beef which were shipped by sea from Amarillo, Texas, to Chile. Some of the beef arrived in a spoiled condition, which spoilage apparently occurred during shipment at sea. Plaintiff asserts five separate claims against Defendant Brit PLC: 1) breach of the marine insurance contract for coverage by failure to pay for an insured loss, 2) violation of the "prompt accept or deny" provisions of Chapter 542 of the Texas Insurance Code, 3) breach of the duty of good faith and fair dealing by wrongful denial and delay constituting an unfair claims settlement practice by: a) withholding payments due under the insurance contract,

b) failing to deal fairly with the Plaintiff, and c) failing to accept, reject or pay the claim within a reasonable amount of time, 4) violation of Texas Deceptive Trade Practices-Consumer Protection Act by a knowingly-committed violation of Chapters 541 and 542 of the Texas Insurance Code, and 5) breach of fiduciary duty allegedly owed to the Plaintiff.

Dismissal is granted on the second claim, only, alleging a violation of the "prompt accept or deny" requirement set forth in Chapter 542 of the Texas Insurance Code. The balance of this motion is denied without prejudice to the Defendants promptly seeking summary judgment on those claims after discovery has concluded.

### *Motion to Dismiss Standards*

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 540, 570, 127 S.Ct. 1955, 167 L.E.2d 292 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation and footnote omitted). Legal conclusions need not be accepted as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. A statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995). If the complaint lacks a required element which is a

prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

In reviewing a motion for 12(b)(6) dismissal, the court must consider all of a plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)(citing *Great Plains Trust Co. v. Morgan, Stanley, Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002). All reasonable inferences must be drawn in favor of the non-movant's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

Dismissal for failure to state a claim does not require a determination that, beyond a doubt, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted).

### *Discussion and Analysis*

Plaintiff Beef Source International shipped two containers of chilled beef to Chile that are the subjects of this lawsuit. The beef in question was inspected before it was loaded for transport from Amarillo, Texas, to a seacoast port for export to Chile. It was inspected again at the seaport. It passed both inspections in good condition. The exported beef was loaded in good condition onto a sea-going vessel for export via marine transport by sea to Chile. It arrived in partially spoiled condition, allegedly because one or more of the vessel's refrigeration units malfunctioned during transit and allowed the beef to get warm enough to spoil.

### Claim pursuant to Subchapter 542 of the Texas Insurance Code

Plaintiff has pled that a claim was made on the marine insurance policy which covered its approximately $200,000.00 loss on the shipped beef. Beef Source International claims that

Defendant Brit PLC, the Lloyd's insurer on the shipment, has refused to accept or deny the claim even though more than 30 days passed after the coverage claim was made./[1] Plaintiff claims that Brit PLC thereby violated Subchapter 542 of the Texas Insurance Code, which generally requires an insurance company to either accept or deny a claim within 15 business days from the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss, subject to certain permissible time extensions generally not to exceed 45 days. *See* Texas Insurance Code Section 542.056 (a) and (d) (Vernon's)/[2].

However, Subchapter 542 of the Texas Insurance Code regarding prompt payment of claims (the subchapter wherein Section 542.056 is codified) expressly excludes from coverage under the Texas Insurance Code marine insurance policies such as the cargo insurance policy which is the subject of this action.

Texas Insurance Code Section 542.053, entitled "Exception," sets forth various exceptions from the Code's "prompt pay or deny" requirements. Subsection (a) thereto states, in relevant part:

---

[1] It is not disputed that Defendant Brit PLC engaged an insurance claim adjustor to investigate the factual basis of the coverage claim on the beef.

[2] § 542.056. **Notice of Acceptance or Rejection of Claim**

(a) Except as provided by Subsection (b) or (d), an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss.

(b) If an insurer has a reasonable basis to believe that a loss resulted from arson, the insurer shall notify the claimant in writing of the acceptance or rejection of the claim not later than the 30th day after the date the insurer receives all items, statements, and forms required by the insurer.

(c) If the insurer rejects the claim, the notice required by Subsection (a) or (b) must state the reasons for the rejection.

(d) If the insurer is unable to accept or reject the claim within the period specified by Subsection (a) or (b), the insurer, within that same period, shall notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection.

(a) This subchapter [542] does not apply to:

....

(5) marine insurance as defined by [Texas Insurance Code] Section 1807.001; ...

See Texas Insurance Code § 542.053(a)(5) (Vernon's).

Section 1807.001 is the statutory definitions section for the Texas Insurance Code. It defines the term "marine insurance," stating in relevant part:

(2) "Marine insurance" means:
    (A) insurance and reinsurance that covers:
        (i) loss or damage to:

          ....

        (b) insurable property and interests in respect to, appertaining to, or in connection with a risk or peril of navigation, transit, or transportation:
            (1) on or under a sea, lake, or river or other water, in the air, or on land in connection with or incident to export, import, or waterborne risks; ...

See Texas Insurance Code § 1807.001 (2)(A)(i)(b)(1) (Vernon's). Plaintiff is asserting in this suit a "prompt pay" claim on a marine insurance policy for coverage of a loss or damage to its insurable property or interest in respect to a risk or peril of transit or transportation on the sea in connection with or incident to its export and/or a waterborne risk of exporting beef to Chile. Such a marine insurance claim is expressly excluded from the 15 to 45-day accept or deny coverage requirements set forth within Subchapter 542 of the Texas Insurance Code, and more specifically the time requirements regarding prompt payment of claims set forth within Section 542.056. Because the Texas statute under which Plaintiff sues on this one pled claim expressly excludes Plaintiff's marine insurance claim from the 15 to 45-day "prompt acceptance or denial" requirements, Plaintiff has failed to state a "prompt pay" Subchapter 542 claim upon which relief can be granted.

### Plaintiff's Other Claims

The balance of the Defendant's asserted grounds for dismissal require consideration of relevant evidence, some of which in now in the record before the Court, but some of which is not currently in this record. Discovery is not complete in this case. Defendant Brit PLC's requests for dismissal or, in the alternative, for summary judgment upon those grounds are denied without prejudice to the Defendants promptly seeking summary judgment upon some or all of on those defensive contentions after discovery has closed. Any such summary judgment motion must be filed not more than 14 days after the close of the current discovery deadline.

### *Conclusions*

Dismissal is granted on the Plaintiff's claim alleging a violation of the "prompt accept or deny" requirement set forth in Subchapter 542 of the Texas Insurance Code because Subchapter 542 does not apply to marine insurance contracts such as the one sued upon in this case.

The balance of this motion is denied without prejudice to the Defendants seeking summary judgment on its defensive claims after discovery has closed. Any such summary judgment motion must be filed not more than 14 days after the close of the current discovery deadline.

It is SO ORDERED.

Signed this the 24th day of September, 2015.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE