IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(AMARILLO DIVISION)

| | | |
|---|---|---|
| BEEF SOURCE INTERNATIONAL, LLC | § § § | |
| Plaintiffs | § § | |
| V. | § § | |
| | § | CIVIL ACTION NO. 2:14-CV-00104-J |
| UNDERWRITERS AT LLOYD'S a/k/a LLOYD'S OF LONDON, and COMPANIA SUD AMERICANA DE VAPORES S.A., | § § § § § | ADMIRALTY |
| Defendants | § § | |
| BRIT PLC, | § § | |
| Third-Party Plaintiff | § § § | |
| V. | § § § | |
| ALSFORD PAGE & GEMS LTD, ELITE UNDERWRITERS INC., MAGNI ENTERPRISE CORP., and XYZ CORPORATION, | § § § § § § | |
| Third-Party Defendants. | § § | |

## DEFENDANT ALSFORD PAGE & GEMS LTD'S ANSWER TO BRIT PLC'S THIRD-PARTY COMPLAINT

COMES NOW, ALSFORD PAGE & GEMS LTD ("APG"), Third-Party Defendant in the above-entitled and numbered cause and files this, its Answer to Brit PLC's Third Party Complaint and would respectfully show the Court as follows:

# I.

# ANSWER

1. APG admits that it is an International Insurance & Reinsurance Broker as asserted in paragraph 1 of Brit PLC's Third Party Complaint. APG denies that Elite hired it to "assemble the slip policy".

2. APG is unable to admit or deny the allegations contained in paragraph 2 of Brit PLC's Third Party Complaint.

3. APG is unable to admit or deny the allegations contained in paragraph 3 of Brit PLC's Third Party Complaint

4. APG admits that diversity exists between the parties as asserted in paragraph 4 of Brit PLC's Third Party Complaint. APG denies that this Court is the appropriate forum for a dispute between Brit PLC and APG.

5. Brit PLC makes legal assertions in paragraph 5 of its Third Party Complaint to which no response is necessary.

6. APG generally admits the allegations contained in paragraph 6 of Brit PLC's Third Party Complaint. However, APG is unable to admit or deny that "it assembled the policy into a London line slip and sought Lloyd syndicates to underwrite the risks presented in the slip" as it is unsure what Brit PLC means by this phraseology. APG admits that the cover was placed on a line slip through the Brit syndicate.

7. Brit PLC makes legal assertions in paragraph 7 of its Third Party Complaint to which no response is necessary.

8. Brit PLC makes legal assertions in paragraph 8 of its Third Party Complaint to which no response is necessary.

9. Brit PLC makes legal assertions in paragraph 9 of its Third Party Complaint to which no response is necessary.

10. APG denies the first sentence of paragraph 10 of Brit PLC's Third Party Complaint. Brit PLC makes legal assertions in the remainder of paragraph 10 of its Third Party Complaint to which no response is necessary.

11. APG admits the allegations contained in paragraph 11 of Brit PLC's Third Party Complaint.

12. APG denies the allegations of paragraph 12 of Brit PLC's Third Party Complaint.

13. APG denies the allegations contained in paragraph 13 of Brit PLC's Third Party Complaint.

14. APG denies the allegations of paragraph 14 of Brit PLC's Third Party Complaint.

15. APG denies the allegations of paragraph 15 of Brit PLC's Third Party Complaint.

16. APG denies the allegations of paragraph 16 of Brit PLC's Third Party Complaint.

17. APG denies the allegations of paragraph 17 of Brit PLC's Third Party Complaint.

18. APG denies the allegations of paragraph 18 of Brit PLC's Third Party Complaint.

19. APG denies the allegations of paragraph 19 of Brit PLC's Third Party Complaint.

20. APG denies the allegations of paragraph 20 of Brit PLC's Third Party Complaint.

21. Brit PLC makes legal assertions in the prayer of its Third Party Complaint to which no response is necessary.

## II.

## AFFIRMATIVE DEFENSES

1. Pleading further, by way of affirmative defense, APG would show that Brit PLC's claims are barred in whole or in part by estoppel.  In this connection, APG would show that Brit

PLC and APG are parties to an agreement which requires any dispute between them to be heard in the United Kingdom.

2. Pleading further, by way of affirmative defense, APG would show that Brit PLC's claims are barred in whole or in part because common law indemnity is not a recognized cause of action under Texas law.

WHEREFORE, PREMISES CONSIDERED, ALSFORD PAGE & GEMS LTD ("APG"), Third-Party Defendant pray that Brit PLC, Third Party Plaintiff, take nothing by their suit, that it goes hence with its costs without day, its attorneys' fees, and for such other and further relief, both special and general, in law and in equity to which this Defendant may show itself justly entitled.

Dated: November 19, 2015

Respectfully submitted,

CANTEY HANGER LLP

/s/ Ashley T. Parrish
ASHLEY T. PARRISH
Texas Bar No. 15536850
aparrish@canteyhanger.com
1999 Bryan Street, Suite 3300
Dallas, Texas 75201
(214) 978-4145
(214) 978-4150 (facsimile)

ATTORNEYS FOR THIRD-PARTY
DEFENDANT ALSFORD PAGE & GEMS LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2015, the foregoing document was delivered via certified mail to counsel for Brit PLC, AIKJA Brit Global Specialty Improperly Pleaded as Underwriters at Lloyd's a/k/a Lloyd's of London at Eugene J. McDonald, Esq., 7 Crown Place, Matawan, NJ 07747 and to Danny M. Needham, Mullin Hoard & Brown, LLP, Amarillo National Plaza Two, Suite 800, 500 South Taylor, Lobby Box #213, Amarillo, Texas 79101-2445.

/s/ Ashley T. Parrish
ASHLEY T. PARRISH