**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| BEEF SOURCE INTERNATIONAL, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| CERTAIN UNDERWRITERS AT LLOYD'S | § | |
| LONDON SUBSCRIBING TO CERTIFICATE | § | 2:14-CV-104-J |
| NO. BO723144A11-008, and COMPANIA | § | |
| SUD AMERICANA DE VAPORES, S.A., | § | |
| | § | |
| DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING THIRD-PARTY PLAINTIFF**
**BRIT PLC'S MOTION FOR ENTRY OF A FINAL DEFAULT JUDGMENT**

Before the Court is Third-party Plaintiff Brit PLC's two motions, filed April 23 and June 16, 2016, for entry of a final default judgment as to damages against Third-party Defendant Magni Enterprise Corporation. The Court has already entered an interlocutory default judgment as liability only against Third-party Defendant Magni Enterprise Corporation. For the following reasons, the motions for final judgment are granted.

Brit PLC filed its third-party complaint against Magni Enterprise Corporation on February 19, 2015. Magni was properly served on May 4 and again on May 7, 2015. The time within which Magni could timely file and serve its answer and or otherwise appear and plead expired on or about May 25, 2015. Magni did not, and has not, filed an answer in this case, has not otherwise appeared herein, and has made no indication of its intention to contest the claims made against it. On June 18, 2015, Brit requested the Clerk of the Court to certify the default of Magni. On June 19, 2015, the Clerk certified the fact of default by Magni, a fact which is clear in this record.

Third-party Plaintiff Brit PLC timely moved for entry of a default judgment against Magni on liability issues. Brit PLC stated in that motion that the total amount of its damages were not yet

certain and ascertainable, being contingent in part upon the outcome of the "bad faith" lawsuit between Defendant Brit PLC and Plaintiff Beef Source International, LLC and a determination of the amount of Brit PLC defensive attorney's fees and costs in that suit.  Those claims and all other claims and causes of action have now been settled, and those parties and third parties have been dismissed pursuant to those settlements.

In its third-party complaint, Brit PLC claims that Magni was hired by cargo-owner/consignor Beef Source to act as the freight forwarder of Beef Source's multiple shipments of chilled beef to Chile./[1]  Brit PLC claims that the actions and/or inactions of named-insured Magni directly and proximately compromised both the validity of the policy, as well as the enforceability of any claims against the policy in this matter, by:  (a) causing cancellation of the policy *ab initio* by failing to pay the requisite minimum premium, as well as the required monthly premiums, (b) causing cancellation of the policy *ab initio* by failing to submit the requisite bordereau reports detailing each month's beef shipments, (c) causing cancellation of the policy *ab initio* by material misrepresentation, that is, by obtaining a policy of marine cargo insurance in the false stance of an owner/consignor, rather than as the freight forwarder (thereby lacking any insurable interest in the subject cargo and presenting greater undisclosed risks to the insurer, which would then have charged higher premiums), and (d) failing to timely produce all of the requested documentation and evidence reasonably requested by underwriter Brit PLC for evaluation of the spoiled-beef claim, as mandated under the express terms of the marine cargo insurance policy at issue in this suit.

In its third-party complaint, Plaintiff Brit PLC claims that Defendant Magni's actions and/or

---

[1]      A "freight forwarder is one who hires . . . carriers to transport goods for a shipper." *Danner v. Int'l Freight Sys. of Washington, LLC,* 855 F.Supp.2d 433, 441 (D. Md. 2012)(quotation formatting and citation omitted).

inactions directly and proximately delayed and/or wholly compromised the claims which are the subject of the primary lawsuit between Plaintiff Beef Source and Defendant Brit PLC– not Brit's alleged bad faith refusal to settle. Brit PLC claims that because of Brit's absence of fault, and that Magni's negligence directly compromised the validity and enforceability of the cargo insurance policy at issue, third-party Defendant Magni is liable to indemnify Brit PLC in the event that Brit is adjudicated liable in Beef Source's suit, as it was Magni's wrongdoing and not Brit's that has compromised Plaintiff Beef Source's claims for damages on the cargo insured by Magni. *See, e.g. B & B Auto Supply v. Central Freight Lines, Inc.,* 603 S.W.2d 814, 816-17 (Tex. 1980)(After Texas' 1995 adoption of a comparative negligence scheme, there can be liability from one tortfeasor to another if one is found non-negligent and assessed no percentage of fault by the jury, *id.* at 817, there is a contractual basis for indemnity, or where one party's liability is purely vicarious.); Tex. Civ. Prac. & Rem. Code §§ 33.012 (reduction of liability by settlement credit offsets), 33.013 (joint and several liability for damages recoverable by a claimant), and 33.015 (right to contribution from non-settling jointly-liable parties). Further, it does not appear in this record that Defendant Magni Enterprise Corporation has or can have any statutory protection from entry of a final default judgment. *See, e.g. Soldiers' and Sailors' Civil Relief Act of 1940,* 50 U.S.C. Appendix, § 501 *et seq.*

Given the facts that Brit PLC has incurred damages and that the amount of Brit PLC's damages are now certain and ascertainable *in toto,* the Court will enter a final default judgment at this time. Magni did not and has not filed an answer in this case, has not filed any response to Bris's motions for entry of a final judgment, and has not otherwise appeared herein, facts which are clear in the Court's record. The well-pled liability allegations in Brit's third-party complaint against Magni are accepted as true by this Court. *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989); *Whittlesey v. Weyerhauser Co.,* 640 F.2d 739 (5th Cir.

1981)(a party may not challenge the fact findings of a default judgment which are based on well-pleaded allegations); *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200 (5th Cir. 1975)(by default, a defendant admits plaintiff's well-pleaded allegations of fact, is concluded on those facts by judgment, and is barred from contesting on appeal facts thus established); Fed. R. Civ. Pro. 55(b)(2)(B).   For all of these reasons, a fianl default judgment as to liability and damages can be, and should be, entered at this point in time in favor of Third-party Plaintiff Brit PLC and against Third-party Defendant Magni Enterprise Corporation.

The Court has considered the evidence supporting the total recoverable indemnity damages now sought after the conclusion of the suit between Defendant Brit PLC and Plaintiff Beef Source International, LLC.   The total amount of Brit PLC attorney's fees and costs in that suit can reasonably be determined based upon the evidence tendered.   Therefore a final default judgment against may be entered.   *See Wooten v. McDonald Transit Associates, Inc.,* 788 F.3d 490 (5th Cir 2015)(testimony of damages tendered after a defendant failed to respond to complaint and before entry of a final default judgment served permissible purpose under default judgment rule, i.e., to establish truth of any allegation by evidence); *Creedon v. Randolph,* 165 F.2d 918 (5th Cir 1948) (where service was made but no appearance, response or answer filed by a defendant, trial need not be held).

A final judgment will be entered in accordance with this memorandum opinion and order.

It is SO ORDERED.

Signed this the _____ 29ᵗʰ _____ day of July, 2016.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE